UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

MARVIN ROBBINS,

12 CV 1970

                      Plaintiff,　　　　　　　　　　**COMPLAINT**

      -against-　　　　　　　　　　　　　　　**JURY DEMAND**

MICHAEL PILECKI, DANIEL ADAMI, and
ROHAN McKENZIE,

                      Defendants.

-----------------------------------------------------------X

[RECEIVED MAR 16 2012 U.S.D.C. S.D.N.Y. CASHIERS stamp]

Plaintiff, by his undersigned attorneys, alleges as follows:

## INTRODUCTION

1. By this Section 1983 action, plaintiff, a union official, seeks damages form defendants Michael Pilecki, Daniel Adami, and Rohan Mckenzie, New York City Police Department officials, because said defendants caused him to be given unfair work assignments and took uncalled-for disciplinary actions in order to retaliate against plaintiff for his union activity, not because said punitive assignments or disciplinary actions were warranted.

## JURISDICTION

2. This Court has jurisdiction pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1331.

## PARTIES

3. Plaintiff is a citizen of the United States. He resides in Mount Vernon, New York, and is employed as a Traffic Agent 3 by the City of New York, with the principal responsibility of driving a tow truck, towing illegally parked vehicles.

4. Defendants Michael Pilecki, Daniel Adami, and Rohan Mckenzie at all relevant times held the position of Inspector, Commanding Officer, and Sergeant, respectively, with the

New York City Police Department ("NYPD"). Their business address is One Police Plaza, New York, New York 10007. At all times relevant herein, defendants acted under color of their authority as officials of the NYPD, but in abuse of that authority.

## FACTS RELEVANT TO ALL CLAIMS

5. Marvin Robbins has been a member of Local 983 since 1991 in the title of Traffic Enforcement Agent (hereinafter "TEA") Level III. In addition, Mr. Robbins has been the Vice President/Grievance Representative of Local 983 since 2005.

6. Since 2005, in his title as Vice President and Grievance Representative, Mr. Robbins has filed numerous grievances on behalf of bargaining unit members, including ones which involved the City's policy on beards, the need for better traffic vests, and parking permits. In addition, he regularly represents members in disciplinary matters, attends labor-management meetings, and publishes a column in the Local 983 newsletter which is often critical of the NYPD. Moreover, Mr. Robbins has served as a witness for the Union in Improper Practice hearings filed against the City of New York and NYPD.

7. In 2011 plaintiff filed two grievances about disciplinary actions taken against large groups of employees.

8. Also in 2011 plaintiff voiced complaints about police officers doing the work of Traffic Agents.

9. On or about July 20, 2011, Mr. Robbins was involved in an accident while on duty. Pursuant the accident report, the operator, Mr. Robbins, was not at fault. Specifically, the report questioned whether the operator's actions contributed to the accident, and answered that question "no".

10.     Subsequently, Mr. Robbins was ordered by his Commanding Officer, defendant Daniel Adami, to patrol on foot, rather than in his vehicle, effective July 22, 2012, for a period of 10 days, expiring on or about August 5, 2011. To patrol on foot, rather than in a Department vehicle, is a less desirable, particularly in the summer.

11.     Upon his return to work on July 25, 2011, Mr. Robbins patrolled on foot. During his shift, three supervisory personnel, upon information and belief at defendant Adamis's direction, arrived at his work site to ensure he was in fact patrolling on foot.

12.     On about July 26, 2011, defendant Sergeant Rohan McKenzie, without cause, composed a disciplinary letter charging Mr. Robbins with alleged misconduct and placed the same letter in his personnel file.

13.     On or about August 1, 2011, Daniel Ambrosini, Assistant Director of Local 983, Blue Collar Division, sent to NYPD Human Resources Director Lt. Patricia Feeley a letter requesting that Mr. Robbins be released from July 27, 2011 through August 4, 2011 for Union business. Said request was granted.

14.     Upon his return to work on or about August 8, 2011, Mr. Robbins was again ordered, upon information and belief at the direction of defendants, to patrol on foot. In addition, several supervisory personnel arrived at his work site to ensure he was patrolling on foot. Moreover, Mr. Robbins was threatened with disciplinary action for allegedly failing to be at his assigned post, which he was in fact located at.

15.     On or about August 8, 2011, defendant Sergeant McKenzie served upon Mr. Robbins the July 26, 2011 disciplinary letter while Mr. Robbins was on post.

16.     On or about August 8, 2011, Sergeant McKenzie again approached Mr. Robbins at his assigned post. At this time, Sergeant McKenzie, among other things, unilaterally assigned

Mr. Robbins to a different post, changed his designated lunch hour, and threatened him with further disciplinary charges if he did not comply with such orders. Simultaneously, Sergeant McKenzie placed his hand on his holster, approached Mr. Robbins in an intimidating manner and placed himself physically close to Mr. Robbins in a further attempt to intimidate him.

17.	During the period of time aforedescribed, plaintiff was also prevented from working overtime.

18.	Only after plaintiff's union filed an Improper Practice Charge with the New York City Board of Collective Bargaining was plaintiff restored to his driving duties.

19.	Pursuant to a memorandum dated November 1, 2004, distributed by Leonard P. Roppa, NYPD Deputy Inspector, to traffic managers, commanding supervisors, and Parking Enforcement District, an explicit procedure was set forth regarding Department Motor Vehicle Accidents. In particular, the memorandum explicitly states "**EFFECTIVE IMMEDIATELY** all members of the service who have **two (2) "At Fault"** Department vehicle accidents within a **six (6) month period** will be grounded by Commanding Officer." "Grounded" is intended to mean that a member who falls under the strictures of this Department-mandated rule will be required to patrol on foot and will not have the benefit of Department vehicles for a time period determined by management.

20.	Prior to the instant motor vehicle accident, Mr. Robbins has been involved in zero at-fault accidents. In fact, Mr. Robbins has not been involved in any departmental motor vehicle accident in approximately two years.

21.	As evidenced by the NYPD's own written policy, the NYPD had no grounds for penalizing Mr. Robbins in response to one department motor vehicle accident at which he was not at fault.

22. Defendants took adverse action against Mr. Robbins by ordering him to patrol on foot in retaliation for engaging in activity protected by the First Amendment.

23. Plaintiff incorporates by reference each allegation made above in the Causes of Action set forth below.

## AS AND FOR A FIRST CAUSE OF ACTION

24. By acting as aforedescribed, individually and in concert, under the color of state law, defendants violated plaintiff's First Amendment rights.

## AS AND FOR A SECOND CAUSE OF ACTION

25. By acting as aforedescribed, individually and in concert, under the color of state law, defendants violated plaintiff's Fifth and Fourteenth Amendment right of due process.

## DAMAGES

26. As a proximate result of the aforedescribed actions, plaintiff suffered a loss of wages and benefits, and emotional distress, to his injury.

27. Defendants acted maliciously and willfully in disregard of plaintiff's rights, entitling plaintiff to punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays that this Court enter a judgment:

a. Awarding plaintiff all lost wages and benefits;

b. Awarding plaintiff emotional distress damages in the amount of $250,000;

c. Awarding plaintiff punitive damages in the amount of $250,000; and

d. Awarding plaintiff attorneys' fees and costs.

Dated: March 15, 2012
New York, New York

ADVOCATES FOR JUSTICE,
CHARTERED ATTORNEYS
Attorneys for Plaintiff

By: _____
Arthur Z. Schwartz (AZS 2683)
225 Broadway, Suite 1902
New York, New York 10007
(212) 285-1400
aschwartz@advocatesny.com